IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KELLY SHACKLEFORD and
KAREN MILLS                                                                            PLAINTIFFS

VS.                                        4:15-CV-00416-BRW

IBERIABANK, *ET AL.*                                                                  DEFENDANTS

## ORDER

Pending is Defendants' Motion to Dismiss and Compel Arbitration (Doc. No. 38). Plaintiffs have responded and Defendants have replied.[1] For the reasons set out below, the Motion is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

Plaintiffs filed a *qui tam* action under the False Claims Act against Defendants on July 8, 2015. Plaintiff Kelly Shackleford, who was employed by Defendants, also asserted claims under the Fair Labor Standards Act and Arkansas Minimum Wage Act, for wrongful termination, and for violations of COBRA.[2]

**II.  DISCUSSION**

    **A.   Counts I-III**

In a December 28, 2017 letter, I asked, "Assume I find that the arbitration agreement is enforceable against Ms. Shackleford. Why would requiring Ms. Shackleford to proceed with arbitration affect Ms. Mills's ability to proceed in this case?"[3] In a joint response, the parties informed me that Counts I-III of the complaint had been settled. Since Plaintiff Karen Mills was

---

[1] Doc. Nos. 40, 42.

[2] Doc. No. 2.

[3] Doc. No. 43.

named only in these counts, she was no longer involved in the case.[4]  Accordingly, based on this correspondence, Counts I-III are DISMISSED with prejudice based on the terms of the settlement agreement and Ms. Karen Mills is DISMISSED.

### B. Counts IV-VIII

Counts IV-VIII involve only Plaintiff Kelly Shackleford and all are based on her employment with Defendants.  However, on August 31, 2010, Plaintiff Shackleford signed an Arbitration Agreement which, among other things, set out that she "underst[ood] that by signing this Arbitration Agreement, the parties waive their right to trial by court or jury."[5]  The Arbitration Agreement covers the claims alleged in Counts IV-VIII of the Complaint.

Plaintiff Shackleford asserts that the Arbitration Agreement "is a stand-alone agreement that is not valid or enforceable because (1) it lacks mutuality of obligations, and (2) it is not supported by adequate consideration."[6]  However, both parties agreed to arbitrate certain claims and agreed to exclude certain claims from arbitration (assuming without deciding that mutuality of obligation is even required under the Federal Arbitration Act).  Additionally, Plaintiff's acceptance of the arbitration agreement terms "supplied consideration for [her] employment."[7]  These same arguments have been rejected in cases involving similar arbitration agreements

---

[4]Doc. No. 44.

[5]Doc. No. 39-1.

[6]Doc. No. 41.

[7]*Delock v. Securitas Sec. Servs. USA, Inc.*, No. 4:11-CV-520-DPM, 2012 WL 1066378, at *3 (E.D. Ark. Mar. 29, 2012) ("when the guards kept working after receiving the new arbitration agreement, they accepted it.  And their acceptance supplied consideration for this new term of their employment.").

between employer and employees under the Federal Arbitration Act[8] (I am not a warm friend of the FAA, but it has been approved by the courts).

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Dismiss and Compel Arbitration (Doc. No. 38) is GRANTED IN PART and DENIED IN PART. The parties must proceed with arbitration, as set out in the Agreement.

The Clerk of the Court is directed to ADMINISTRATIVELY TERMINATE this case, without prejudice to the right of the parties to reopen the case for good cause. However, this case will not be reopened unless an application to reopen is filed by one of the parties within 30 days of the final disposition of the arbitration proceeding. If no motion is filed, this Order will be considered a dismissal with prejudice, without further order of the Court.

As set out above, Counts I-III are DISMISSED with prejudice based on the terms of the settlement agreement and Ms. Karen Mills is DISMISSED. This Court specifically retains jurisdiction to enforce the terms of the settlement agreement.

IT IS SO ORDERED this 9th day of January, 2018.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[8] *Gobeyn v. Travelers Indem. Co.*, No. 1:09CV00034 JLH, 2009 WL 3148755, at *3 (E.D. Ark. Sept. 24, 2009); *Hughes v. Wet Seal Retail, Inc.*, No. 10-CV-05090, 2010 WL 4750216 (W.D. Ark. Nov. 16, 2010); *Barnard v. Townsquare Media, LLC*, No. 12-CV-4110, 2013 WL 1755581, at *2 (W.D. Ark. Apr. 24, 2013); and *Harrod v. Ltd.*, No. 6:15-CV-06111, 2016 WL 4699710, at *3 (W.D. Ark. Aug. 16, 2016), report and recommendation adopted sub nom. *Harrod v. Signet Jewelers Ltd.*, No. 6:15-CV-6111, 2016 WL 4639175 (W.D. Ark. Sept. 6, 2016)